UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ISAI GARCIA (#700611)                                                    CIVIL ACTION

VERSUS                                                                   NO. 20-773-SDD-RLB

STATE OF LOUISIANA, ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 9, 2022.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ISAI GARCIA (#700611)**                                    **CIVIL ACTION**

**VERSUS**                                                   **NO. 20-773-SDD-RLB**

**STATE OF LOUISIANA, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The State has filed an opposition to the petitioner's application. *See* R. Docs. 6 and 7. There is no need for oral argument or for an evidentiary hearing.

On November 12, 2020, the *pro se* petitioner, an inmate confined at Allen Correctional Center, Kinder, Louisiana, filed this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, attacking his 2015 criminal conviction and sentence entered, pursuant to a guilty plea, in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, on two counts of forcible rape. The petitioner asserts that his sentence is illegal.

### Procedural History

On June 24, 2015, the petitioner pled guilty to two counts of forcible rape and was sentenced to serve 22 years on each count. The petitioner did not appeal. On August 31, 2015, the petitioner filed an application for post-conviction relief ("PCR"). The trial court denied the petitioner's PCR application on August 18, 2016. The petitioner did not seek review in the appellate courts. On June 26, 2019, the petitioner filed a Motion to Correct Illegal Sentence. Said motion was treated like an untimely application for PCR by the trial court and was denied.

Thereafter, the petitioner sought further review and the Supreme Court of Louisiana denied the

petitioner's writ application on July 31, 2020. *See State v. Garcia*, 19-01709 (La. 7/31/20), 300

So.3d 387. The instant petition was filed herein on November 12, 2020.

## Applicable Law and Analysis

As set forth below, this Court concludes, as asserted by the State of Louisiana, that the

petitioner's application is untimely. In this regard, pursuant to 28 U.S.C. § 2244(d), there is a

one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in

state custody. This limitations period begins to run on the date that the judgment becomes final

through the conclusion of direct review or through the expiration of time for seeking such

review. 28 U.S.C. § 2244(d)(1)(A). As provided by the referenced statute, the time during which

a properly filed application for state post-conviction or other collateral review is thereafter

pending before the state courts with respect to the pertinent judgment or claim shall not be

counted toward any part of the one-year limitations period. 28 U.S.C. § 2244(d)(2). However, the

time during which there are no properly filed post-conviction or other collateral review

proceedings pending does count toward calculation of the one-year period. To be considered

"properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must be

in compliance with the applicable laws and rules governing filings. *Pace v. DiGuglielmo*, 544

U.S. 408, 413 (2005), *citing Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Further, a properly-filed state

application is considered to be "pending" both while it is before a state court for review and also

during the interval after a state court's disposition while the petitioner is procedurally authorized

under state law to proceed to the next level of state court consideration. *See Melancon v. Kaylo*,

259 F.3d 401, 406 (5th Cir. 2001). The limitations period is not tolled during the time a petition

for writ of certiorari is pending before the United States Supreme Court from denial of post-conviction relief. *Lawrence v. Florida*, 549 U.S. 327, 332-36 (2007).

Because the petitioner did not seek an appeal, his conviction became final 30 days later on July 24, 2015. Thereafter, approximately 38 days elapsed until the petitioner filed his PCR application on August 31, 2015. The petitioner's PCR application remained pending until it was denied by the trial court on August 18, 2016. Even assuming that the petitioner's motion to correct illegal sentence constitutes collateral review for purposes of § 2244(d)(2), and that the limitations period was tolled for the entire time the petitioner's motion to correct illegal sentence and his post-conviction relief application were pending before the state court, the petitioner's federal habeas corpus application is nonetheless untimely. Approximately 1,042 days elapsed between the denial of the petitioner's PCR application and the filing of his Motion to Correct Illegal Sentence. Said motion was treated as a PCR application by the trial court and remained pending until the Louisiana Supreme Court denied the petitioner's writ application on July 31, 2020. Approximately 104 days elapsed between the denial of the petitioner's writ application and the filing of the instant petition on November 12, 2020. Accordingly, more than a year elapsed during which the petitioner did not have any properly filed application for post-conviction or other collateral relief pending before the state courts.

Accordingly, inasmuch as the petitioner's conviction and sentence became final on July 24, 2015, the one-year limitations period for filing a federal habeas corpus application began to run on that date. Approximately 38 days passed between the time the petitioner's conviction became final and the filing of the petitioner's PCR application in the state trial court. Thereafter, 1,042 days elapsed between the denial of the petitioner's PCR application and his filing of a motion to correct illegal sentence. Thereafter, 104 days elapsed between the denial of the

petitioner's writ application by the Louisiana Supreme Court and the filing of the instant petition on November 12, 2020. This resulted in 1,184 days of un-tolled time. Accordingly, more than a year elapsed during which the petitioner did not have any properly filed applications for post-conviction or other collateral review pending before the state courts, and the petitioner's application is untimely.

Having found the petitioner's application to be untimely, this Court must dismiss same pursuant to 28 U.S.C. § 2244(d) unless the petitioner can establish either that he is entitled to statutory tolling of the limitations period under § 2244(d)(1)(B)—because there was a state-created impediment to timely filing—or that he is entitled to equitable tolling. To establish entitlement to statutory tolling under 28 U.S.C. § 2244(d)(1)(B), the petitioner must show that he was prevented from filing a petition by a state-created impediment in violation of the Constitution or federal law. *Egerton v. Cockrell,* 334 F.3d 433, 436 (5th Cir. 2003). The petitioner has made no such allegations, and the record is likewise devoid of any reason the petitioner would be entitled to statutory tolling.

Nor is there any basis in the record for equitable tolling in this case. In this regard, the one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances." *See United States v. Patterson,* 211 F.3d 927, 928 (5th Cir. 2000). The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson,* 442 F.3d 872, 875 (5th Cir. 2006).

Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo, supra,* 544 U.S. at 418. Ignorance of the law, lack of knowledge of filing deadlines, a temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not generally sufficient to warrant equitable tolling. *Tate v. Parker,* 439 F. App'x. 375, 376 (5th Cir. 2011); *Felder v. Johnson,* 204 F.3d 168, 171–2 (5th Cir. 2000). Further, equitable tolling "is not intended for those who sleep on their rights." *Manning v. Epps,* 688 F.3d 177, 184 (5th Cir. 2012). Thus, a federal habeas petitioner is required to act with diligence and alacrity both during the period allowed for the filing of state post-conviction review proceedings and after the denial thereof by the state appellate courts. *See Ramos v. Director,* 2010 WL 774986, *4 (E.D. Tex. 2010). "The diligence required for equitable tolling purposes is reasonable diligence, ... not maximum feasible diligence," *Holland v. Florida,* 560 U.S. 631, 653 (2010) (internal quotation marks omitted), and equitable tolling decisions "must be made on a case-by-case basis." *Id.* at 649–50.

The circumstances of this case are not "extraordinary" such that equitable tolling can be applied. The petitioner in the instant matter has demonstrated no such diligence and alacrity. Approximately 38 days passed between the time the petitioner's conviction became final and the filing of the petitioner's PCR application in the state trial court. Petitioner waited an additional 1,042 days to file a Motion to Correct Illegal Sentence. After his writ application was denied, the petitioner then waited an additional 104 days to file the instant Petition. Accordingly, the petitioner's application should be denied as untimely.

Should the petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus

proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. §

2253(c)(1)(A). Although the petitioner has not yet filed a Notice of Appeal herein, the Court may

address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*,

211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas

petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §

2253(c)(2). In cases where the Court has rejected a petitioner's constitutional claims on

procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable

whether the petition states a valid claim of a denial of constitutional right and that jurists of

reason would find it debatable whether the district court was correct in its procedural ruling."

*Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original). In the instant case,

the Court finds that reasonable jurists would not debate the denial of the petitioner's § 2254

application or the correctness of the procedural ruling. Accordingly, it is appropriate that, in the

event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability

should be denied.

### RECOMMENDATION

It is recommended that the petitioner's application for habeas corpus relief be denied,

with prejudice, as untimely. It is further recommended that, in the event that the petitioner seeks

to pursue an appeal, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on November 9, 2022.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**